JAMES, J.,
dissenting:
¶ 13. I disagree with the majority’s conclusion that there was “credible proof’ supporting the chancellor’s decision to terminate Brandi’s parental rights; therefore, I respectfully dissent.
¶ 14. Unless proven otherwise, “it is presumed that the best interest of the child will be served by remaining with his or her parents.” J.J. v. Smith, 31 So.3d 1271, 1276 (¶ 21) (Miss.Ct.App.2010) (citing Carter v. Taylor, 611 So.2d 874, 876 (Miss.1992)). In In re V.M.S., 938 So.2d 829, 837 (¶ 17) (Miss.2006), the supreme court found that the termination of a mother’s parental rights was not justified in light of evidence presented showing her rehabilitation efforts. Likewise, in J.J., 31 So.3d at 1276 (¶ 20), this Court found that, although the mother’s mental illness affected her ability to care for her child, clear and convincing evidence was not presented to prove that the mother was unable to assume minimally acceptable care of the child. There, the mother suffered from bipolar disorder and occasional depression. This Court found that rather than terminating the mother’s parental rights, “consideration of permanent alternatives ... would have been appropriate.” Id. at (¶ 22).
¶ 15. In the judgment terminating Brandi’s parental rights, the chancellor found that there was “clear and convincing evidence ... that Brandi has been diagnosed with a drug addiction that is not likely to change in the foreseeable future.” (emphasis added). However, no medical evidence was offered to show that Brandi *929 was unlikely to recover. We have held that it is error to terminate parental rights on the ground of severe mental deficiencies or mental illness “[w]ithout competent lay or medical evidence establishing a mental deficiency.” N.E. v. L.H., 761 So.2d 956, 965 (¶ 26) (Miss.Ct.App.2000). Likewise, here, the chancellor found that Brandi had not visited the children for at least one year, and that the “sporadic visitation ... does more harm to the children than good.” However, the chancellor failed to consider Brandi’s rehabilitation efforts during this period.
¶ 16. It is evident that Brandi has a history of drug abuse and suffers from an addiction problem; therefore, I agree that Brandi may not be fit to be awarded custody of the minor children. However, the record indicates that Brandi was seeking treatment for her addiction and making efforts to reconcile with her children. During the May 16, 2011 hearing on Jordan’s emergency petition, Brandi testified that she was attending support-group meetings at Crossgates Baptist Church. She further testified that she was under the care of an addiction specialist, Dr. Don A. Gibson. Following that hearing, Brandi submitted herself to a court-ordered drug screening -and tested negative for narcotics. In addition, a letter from Dr. Gibson was attached to Brandi’s motion to reconsider as Exhibit “A.” In the letter, Dr. Gibson confirmed that Brandi had been under his medical care since January 25, 2011, for opiate withdrawal. Dr. Gibson stated that, in his opinion, Brandi was “no longer dependent on opiates, other like drugs, or medication!.]” It is clear from the record that the chancellor refused to consider this evidence.[1] Based on Brandi’s continued rehabilitation efforts, I find that the circumstances of this case wholly fail to rise to the level required to necessitate the termination of her parental rights. Accordingly, I would reverse and remand this case and instruct the trial court to consider other permanent alternatives to terminating Brandi’s parental rights.

. When Brandi testified that she was under Dr. Gibson's care, the chancellor replied: "[Y]eah, he's an addiction specialist. He’s keeping you in your addiction.”